# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60626
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2019

Lyle W. Cayce
Clerk

VILMA FRANCISCA MARQUEZ BENITEZ,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 377 151

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Vilma Francisca Marquez Benitez, a native and citizen of Honduras, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the denial by an Immigration Judge (IJ) of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA concluded that Marquez Benitez failed to establish her eligibility for asylum or relief under the CAT because:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1) she failed to show that the abuse she suffered at the hands of her father was on account of her membership in a particular social group comprised of "children of Julia Benitez Ramirez"; (2) she failed to show that she was a member of a particular social group comprised of "married Honduran women who are unable to leave their husbands"; (3) she failed to show that she was kidnapped and threatened by Mara 18 gang members on account of her imputed anti-gang political opinion; and (4) she failed to show that a public official would likely acquiesce to future torture by the private actors that she feared. The BIA's determinations are supported by substantial evidence, and the record does not compel a contrary conclusion. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2009); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).

The BIA also concluded that "married Honduran women who are viewed as property by virtue of their status in a domestic relationship" and "female heads of household who lack male protection" were not cognizable particular social groups for purposes of asylum relief. Marquez Benitez fails to show that the BIA's determinations are erroneous. *See Orellana-Monson*, 685 F.3d at 518-19, 521-22. Marquez Benitez likewise fails to show that the BIA erred in concluding that an unfulfilled threat and the vandalization of her store following her work on behalf of the Honduran National Party did not constitute past persecution, *see Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017), or that the record compels a conclusion that she had an objectively reasonable fear of future persecution on account of her political opinion, *see Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). Moreover, because the IJ's determination that Marquez Benitez failed to show the requisite nexus was dispositive of the overall past persecution determination, she fails to show that the BIA erred in concluding that the IJ was not required to make a specific

No. 17-60626

finding as to whether she suffered past persecution.  *See Tamara-Gomez*, 447 F.3d at 349.

Marquez Benitez did not argue before the BIA, as she does here, that her notice to appear was defective and rendered her removal order *ultra vires*. Also, the BIA was not afforded an opportunity to address Marquez Benitez's arguments that it legally erred by: (1) applying the wrong standard of review to various issues raised on appeal; and (2) requiring corroborating evidence of her imputed anti-gang political opinion without affording her an opportunity to obtain the evidence or explain why she could not reasonably have done so. Therefore, Marquez Benitez failed to exhaust her administrative remedies as to these issues, and we lack jurisdiction to consider them.  *See Omari v. Holder*, 562 F.3d at 314, 320-21 (5th Cir. 2009).

Finally, Marquez Benitez does not challenge the BIA's conclusion that she failed to establish her eligibility for asylum based on her membership in a particular social group comprised of "individuals who report gang violence" or that she was entitled to withholding of removal.  She has therefore abandoned these issues by failing to adequately brief them.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, Marquez Benitez's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.